IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**KAI BIRD**
Apt. 10 H North
2 Tudor City Place
New York, NY 10017

       Plaintiff,

    v.

**FEDERAL BUREAU OF
INVESTIGATION**
935 Pennsylvania Avenue, NW
Washington, DC 20535

and

**UNITED STATES DEPARTMENT OF
JUSTICE**
950 Pennsylvania Avenue, NW
Washington, DC 20530

       Defendants.

Civil Action No. _____

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff Kai Bird, by and through his undersigned counsel, hereby alleges as follows:

1.      This is an action under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA" or the "Act"), for declaratory, injunctive, and other appropriate relief against the United States Department of Justice ("DOJ") and Federal Bureau of Investigation ("FBI") (collectively, "Defendants").

2.      By this action, Plaintiff seeks to compel Defendants to comply with their obligations under FOIA to release records Plaintiff requested.  Plaintiff is statutorily entitled to disclosure of the requested records, which Defendants have withheld in violation of the Act.

1

## PARTIES

3.      Plaintiff Kai Bird is a Pulitzer Prize-winning historian, journalist, and biographer. He is the author of numerous books, including *The Good Spy: The Life and Death of Robert Ames*; *Crossing Mandelbaum Gate: Coming of Age Between the Arabs and Israelis, 1956–1978*; *The Color of Truth: McGeorge Bundy and William Bundy: Brothers in Arms*; and *American Prometheus: The Triumph and Tragedy of J. Robert Oppenheimer*, for which he and his co-author were awarded a Pulitzer Prize in 2006.

4.      Defendant United States Department of Justice is an agency of the federal government within the meaning of 5 U.S.C. § 551 and 5 U.S.C. § 552(f) that has possession, custody, and/or control of the records that Plaintiff seeks.  The DOJ's headquarters is located at 950 Pennsylvania Avenue, NW, Washington, DC 20530.

5.      Defendant Federal Bureau of Investigation, headquartered at 935 Pennsylvania Avenue NW, Washington, DC 20535, is a component of DOJ that has possession, custody, and/or control of the records that Plaintiff seeks.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction over this action and personal jurisdiction over Defendants pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

7.      Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

## FACTS

8.      Plaintiff's FOIA request, described in detail below, was made for newsgathering purposes in connection with a forthcoming book about Roy Cohn ("Cohn").

9.      On November 8, 2022, Plaintiff submitted a FOIA request to the FBI via fax (the "Request").  A true and correct copy of the Request (and accompanying attachments) is attached hereto as **Exhibit 1** and is incorporated by reference herein.

10.     Plaintiff's Request sought certain FBI records regarding Cohn.  Ex. 1.

11.     The Request sought, *inter alia*, the following:

(1) "All records mentioning or referring to Roy Cohn or Roy M. Cohn or Roy Marcus Cohn (heretofore referred to as Roy Cohn)."

(2) "All records, including email correspondence, telexes, faxes, text messages, and other electronic messages, that include the term Roy Cohn and any of the following keywords (cases insensitive):

Subpoena
The mob
Fugazi, Salerno, Galanti, Gotti
Robert Morgenthau
U.S. District Attorney NY 1952
United Dye and Chemical Company
1954 U.S. Army Investigation
Senator Joseph McCarthy
Bribery File
Administrative Inquiry file
Homosexuality
Cardinal Spellman
Henry Hill
Gays, Communists and Drugs
Gore Vidal
Witness Statements
James W. Pieper
J. Edgar Hoover
U.S. Department of Justice
Donald Trump
Albert Cohn (father)
Owen Lattimore
Irving Saypol
Abraham Feller
Allen Dershowtiz [sic]
Roger Stone
Sy Newhouse
Walter Winchell
David Schine

Note that all of these individuals are long deceased—with the exception of Donald Trump[,] Allen Dershowtiz [sic] and Roger Stone. To be clear, I am not requesting the files of each of these named individuals. I am offering up these names as key words that may help to retrieve files related to Roy Cohn."

(3) "All communications including correspondence, memorandum, telexes, faxes, text messages and electronic messages that refer to Roy Cohn."

(4) "All records mentioning, referring to, or constituting the memorandum sen[t] from the United States Attorney's office for the Southern District of New York seeking approval for questioning, arresting, or charging Roy Cohn."

Ex. 1 at 2–4.

12.     The Request noted that the FBI had previously released approximately "748 heavily redacted pages that are part of what is believed to be a 4,000 page file on Roy Cohn" in 2019. *Id.* at 3. The 748-page release referenced in the Request is available on the FBI's website. *See* https://vault.fbi.gov/roy-cohn/roy-cohn-part-01-of-01/view.

13.     Given the FBI's prior release of records regarding Cohn, the Request sought "a less redacted or, preferably, an unredacted copy" of the prior 748-page release, as well as "the remaining pages of the file on Roy Cohn." Ex. 1 at 2.

14.     Plaintiff's Request included background information to assist Defendants in locating responsive records. *See* Ex. 1.

15.     Plaintiff's Request sought a fee benefit as a representative of the news media under 5 U.S.C. § 552(a)(4)(A)(ii) and set forth facts and argument in support thereof. *Id.*

16.     By letter dated November 22, 2022, the FBI assigned some portion of the Request tracking number 1572933-000 and denied at least this portion of the Request. A true and correct copy of that letter is attached hereto as **Exhibit 2**. The subject of the letter is: "COHN, ROY MARCUS (748 Previously Released Pages)." Ex. 2. The letter states: "It was determined that the records you requested do not qualify for reprocessing." Ex. 2.

17.     By letter dated November 22, 2022, the FBI assigned some portion of the Request tracking number 1572932-000. A true and correct copy of that letter is attached hereto as **Exhibit 3**. The subject of the letter is: "COHN, ROY MARCUS." Ex. 3.

18.     By letter dated December 8, 2022, the FBI stated that "unusual circumstances" applied to the processing of the portion of the Request assigned tracking number 1572932-000.  A true and correct copy of that letter is attached hereto as **Exhibit 4**.

19.     On January 31, 2023, Plaintiff, through counsel, submitted an administrative appeal (the "Appeal") to DOJ's Office of Information Policy ("OIP") challenging the FBI's denial of the portion of the Request assigned tracking number 1572933-000.  A true and correct copy of the Appeal is attached hereto as **Exhibit 5**.

20.     The Appeal was assigned tracking number A-2023-00698 by DOJ.

<u>Current Status of the Request</u>

21.     As of the filing of this Complaint, Plaintiff has not received any records or portions thereof responsive to the Request.

22.     As of the filing of this Complaint, the Request has been pending for approximately 83 days.

23.     As of the filing of this Complaint, Plaintiff has not received any determination as to the Appeal.

24.     As of the filing of this Complaint, the Appeal has been pending for approximately 29 days.

## CAUSES OF ACTION

### COUNT I: VIOLATION OF FOIA FOR FAILURE TO
### COMPLY WITH STATUTORY DEADLINES

25.     Plaintiff repeats, realleges, and incorporates the allegations set forth in the foregoing Paragraphs 1 through 24 as though fully set forth herein.

26.     Defendants are agencies subject to FOIA.  5 U.S.C. §§ 552(f), 551.

27.     The Request properly seeks records within the possession, custody, and/or control of Defendants under FOIA.

28.     The Request complied with all applicable regulations regarding the submission of FOIA requests.

29.     Defendants failed to make a determination regarding the Request within the statutory deadlines as required by FOIA.  5 U.S.C. § 552(a)(6)(A)(i).

30.     Defendants' failure to make a determination with respect to the Request within FOIA's statutory deadlines violates Defendants' obligations under FOIA.  5 U.S.C. § 552(a)(6)(A).

31.     Plaintiff has or is deemed to have exhausted applicable administrative remedies with respect to the Request.  5 U.S.C. § 552(a)(6)(C)(i).

### COUNT II: VIOLATION OF FOIA FOR FAILURE TO
### COMPLY WITH STATUTORY DEADLINES

32.     Plaintiff repeats, realleges, and incorporates the allegations set forth in the foregoing Paragraphs 1 through 24 as though fully set forth herein.

33.     Defendants are agencies subject to FOIA.  5 U.S.C. §§ 552(f), 551.

34.     The Request properly seeks records within the possession, custody, and/or control of Defendants under FOIA.

35.     The Request complied with all applicable regulations regarding the submission of FOIA requests.

36.     The Appeal complied with all applicable regulations regarding the submission of FOIA administrative appeals.

37.     Defendants failed to make a determination regarding the Appeal within the statutory deadlines as required by FOIA.  5 U.S.C. § 552(a)(6)(A)(ii).

38.     Defendants' failure to make a determination with respect to the Appeal within FOIA's statutory deadlines violates Defendants' obligations under FOIA.  5 U.S.C. § 552(a)(6)(A).

39.     Plaintiff has or is deemed to have exhausted applicable administrative remedies with respect to the Request.  5 U.S.C. § 552(a)(6)(C)(i).

**COUNT III: VIOLATION OF FOIA FOR
FAILURE TO CONDUCT A SUFFICIENT SEARCH**

40.     Plaintiff repeats, realleges, and incorporates the allegations set forth in the foregoing Paragraphs 1 through 24 as though fully set forth herein.

41.     Defendants are agencies subject to FOIA.  5 U.S.C. §§ 552(f), 551.

42.     The Request properly seeks records within the possession, custody, and/or control of Defendants under FOIA.

43.     The Request complied with all applicable regulations regarding the submission of FOIA requests.

44.     The Appeal complied with all applicable regulations regarding the submission of FOIA administrative appeals.

45.     Defendants failed to conduct a sufficient search for responsive records, as required by FOIA.  5 U.S.C. § 552(a)(3).

46.     Defendants' failure to conduct a sufficient search violates Defendants' obligations under FOIA.  5 U.S.C. § 552(a)(3).

47.     Plaintiff has or is deemed to have exhausted applicable administrative remedies with respect to the Request.  5 U.S.C. § 552(a)(6)(C)(i).

### COUNT IV: VIOLATION OF FOIA FOR UNLAWFUL WITHHOLDING OF AGENCY RECORDS

48.     Plaintiff repeats, realleges, and incorporates the allegations set forth in the foregoing Paragraphs 1 through 24 as though fully set forth herein.

49.     Defendants are agencies subject to FOIA.  5 U.S.C. §§ 552(f), 551.

50.     The Request properly seeks records within the possession, custody, and/or control of Defendants under FOIA.

51.     The Request complied with all applicable regulations regarding the submission of FOIA requests.

52.     Defendants have not released any records or portions thereof in response to the Request.

53.     Defendants have not cited any exemptions to withhold records or portions thereof that are responsive to the Request.

54.     Defendants have not identified whether or how disclosure of each of the records or portions thereof sought by the Request would foreseeably harm an interest protected by a FOIA exemption and/or why disclosure is prohibited by law.  5 U.S.C. § 552(a)(8)(A).

55.     Defendants have improperly withheld agency records responsive to the Request in violation of FOIA.  5 U.S.C. § 552(a)(3)(A).

56.     Plaintiff has or is deemed to have exhausted applicable administrative remedies with respect to the Request.  5 U.S.C. § 552(a)(6)(C)(i).

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests this Court:

(1) order Defendants to conduct a search reasonably calculated to identify all records responsive to the Request;

(2) enjoin Defendants from withholding all records or portions thereof responsive to the Request that are not specifically exempt from disclosure under FOIA;

(3) issue a declaration that Plaintiff is entitled to disclosure of the requested records;

(4) award Plaintiff reasonable attorney fees and costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

(5) grant such other relief as the Court may deem just and proper.


Dated: March 15, 2023

Respectfully submitted,

/s/ Katie Townsend
Katie Townsend
D.C. Bar No. 1026115
Email: ktownsend@rcfp.org
Adam A. Marshall
DC Bar No. 1029423
Email: amarshall@rcfp.org
Gunita Singh
D.C. Bar No. 1601923
Email: gsingh@rcfp.org
Shawn Musgrave
D.C. Bar No. 90002165
Email: smusgrave@rcfp.org
REPORTERS COMMITTEE FOR
FREEDOM OF THE PRESS
1156 15th St. NW, Suite 1020
Washington, DC 20005
Phone: 202.795.9303
Facsimile: 202.795.9310

*Counsel for Plaintiff*