# EXHIBIT 5

**REPORTERS COMMITTEE FOR FREEDOM OF THE PRESS**

1156 15th St. NW, Suite 1020
Washington, D.C. 20005
(202) 795-9300 • www.rcfp.org

Bruce D. Brown, Executive Director
bruce.brown@rcfp.org • (202) 795-9301

**STEERING COMMITTEE CHAIR**
STEPHEN J. ADLER

**STEERING COMMITTEE MEMBERS**
WOLF BLITZER
*CNN*
DAVID BOARDMAN
*Temple University*
THEODORE J. BOUTROUS, JR.
*Gibson, Dunn & Crutcher LLP*
MASSIMO CALABRESI
*Time Magazine*
LYNETTE CLEMETSON
*University of Michigan*
NIKHIL DEOGUN
*Brunswick Group*
MANNY GARCIA
*Austin American-Statesman*
EMILIO GARCIA-RUIZ
*San Francisco Chronicle*
JOSH GERSTEIN
*POLITICO*
ALEX GIBNEY
*Jigsaw Productions*
SUSAN GOLDBERG
*GBH*
GAIL GOVE
*NBCUniversal*
JAMES GRIMALDI
*The Wall Street Journal*
LAURA HANDMAN
*Davis Wright Tremaine*
DIEGO IBARGÜEN
*Hearst*
JEREMY JOJOLA
*9NEWS Colorado*
KAREN KAISER
*Associated Press*
KIMBRIELL KELLY
*The Los Angeles Times*
DAVID LAUTER
*The Los Angeles Times*
MARGARET LOW
*WBUR*
COLLEEN MCCAIN NELSON
*The McClatchy Company*
MAGGIE MULVIHILL
*Boston University*
JAMES NEFF
*The Philadelphia Inquirer*
NORMAN PEARLSTINE
THOMAS C. RUBIN
*Stanford Law School*
BRUCE W. SANFORD
*BakerHostetler, retired*
CHARLIE SAVAGE
*The New York Times*
JENNIFER SONDAG
*Bloomberg News*
NABIHA SYED
*The Markup*
ADAM SYMSON
*The E.W. Scripps Company*
PIERRE THOMAS
*ABC News*
MATT THOMPSON
*The New York Times*
VICKIE WALTON-JAMES
*NPR*
SUSAN ZIRINSKY
*CBS News*

**HONORARY LEADERSHIP COUNCIL**
J. SCOTT APPLEWHITE, *Associated Press*
CHIP BOK, *Creators Syndicate*
DAHLIA LITHWICK, *Slate*
TONY MAURO, *American Lawyer Media, retired*
JANE MAYER, *The New Yorker*
ANDREA MITCHELL, *NBC News*
CAROL ROSENBERG, *The New York Times*
PAUL STEIGER, *ProPublica*
SAUNDRA TORRY, *Freelance*
JUDY WOODRUFF, *The PBS NewsHour*

Affiliations appear only for purposes of identification.

Adam A. Marshall
Shawn Musgrave
Reporters Committee for Freedom of the Press
1156 15th St. NW, Suite 1020
Washington, DC 20005

Director, Office of Information Policy
U.S. Department of Justice
441 G Street, NW, 6th Floor
Washington, DC 20530

January 31, 2023

VIA FOIA STAR PORTAL

**RE: Freedom of Information Act Appeal, FOIA No. 1572933-000**

Dear FOIA Appeals Officer:

We represent Kai Bird in connection with the above-referenced request submitted under the federal Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), to the Federal Bureau of Investigation ("FBI"). This letter constitutes an administrative appeal on behalf of Mr. Bird.

**I.  Factual & Procedural History**

On November 8, 2022, Mr. Bird submitted a FOIA request to the FBI via fax (the "Request"). A true and correct copy of the Request (and accompanying attachments) is attached hereto as Exhibit A and is incorporated by reference herein. The FBI subsequently split the Request into two tracking numbers, 1572932-000 and 1572933-000. This appeal concerns only the FBI's denial as to the portion of the Request that was assigned tracking number 1572933-000 ("Request Part I").

Mr. Bird's Request sought certain FBI records regarding Roy Cohn ("Cohn"). As the Request notes, "In 2019, the FBI unsealed 748 heavily redacted pages that are part of what is believed to be a 4,000 page file on Roy Cohn." Ex. A at 2. This 748-page release is available online via the FBI's website.[1]

As relevant to this appeal, Request Part I requested that the FBI "review the 748 redacted pages that were released in 2019 and provide a less redacted, or, preferably, an unredacted copy[.]" Ex. A at 2. Request Part I also asked the FBI to "release the remaining pages of the file on Roy Cohn."

---

[1] *See* https://vault.fbi.gov/roy-cohn/roy-cohn-part-01-of-01/view.

By letter dated November 22, 2022, the FBI issued a letter denial of the Request Part I. A true and correct copy of that letter is attached as Exhibit B. The letter states: "It was determined that the records you requested do not qualify for reprocessing." Ex. B.[2]

This administrative appeal is timely submitted. *See* FOIA Improvement Act of 2016, Pub. L. No. 114-185 § 2 (affording requesters no less than 90 days to submit administrative appeals).

## II.     Argument

**The FBI's refusal to search for and process responsive records violates FOIA**

FOIA requires a requester to "reasonably describe[]" the records sought. 5 U.S.C. § 552(a)(3)(A). As long as a request reasonably describes records and follows procedural submission rules, then an agency must "make the records promptly available." *Id.* In responding to a FOIA request, agencies must conduct a reasonable search for responsive records. *See, e.g.*, *Valencia-Lucenia v. United States Coast Guard, FOIA/PA Records Mgmt.*, 180 F.3d 321, 325 (D.C. Cir. 1999) (an agency must "demonstrate beyond material doubt that its search was reasonably calculated to uncover all relevant documents"). Thereafter, and within 20 working days of receipt of a request, an agency must provide a "determination" to the requester, meaning the agency

> must at least: (i) gather and review the documents; (ii) determine and communicate the scope of the documents it intends to produce and withhold, and the reasons for withholding any documents; and (iii) inform the requester that it can appeal whatever portion of the "determination" is adverse.

*Citizens for Resp. & Ethics in Washington v. Fed. Election Comm'n*, 711 F.3d 180, 188 (D.C. Cir. 2013) ("*CREW*"). Any nonexempt records must be provided "promptly." *Id.* FOIA also requires that any reasonably segregable portion of a record shall be provided," 5 U.S.C. § 552(b), and the burden is on the agency to justify withholding any record or portion thereof, *id.* § 552(a)(4)(B). In addition to showing that an exemption applies to any withheld material, any agency must also demonstrate compliance with FOIA's foreseeable harm provision. *See* 5 U.S.C. § 552(a)(8).

Here, the FBI is in violation of FOIA because it has refused to search for, review, or produce any additional portion(s) of the 748 previously processed pages about Roy Cohn, or the remainder of the approximately 4,000 pages in his file. *See* 5 U.S.C. § 552(a)(3)(A); *CREW*, 711 F.3d at 188. The FBI is also in violation of FOIA because it

---

[2] The FBI's letter denial of Request Part I indicates it pertains to "748 Previously Released Pages," Ex. B, but was not clear whether it also pertained to the remainder of the approximately 4,000 pages in the FBI's Roy Cohn file. In an abundance of caution and to preserve Mr. Bird's right to judicial review, this appeal addresses the entirety of the Request Part I, i.e., both the previously released pages and the remainder of the approximately 4,000 pages in the Cohn file.

has failed to justify its continued withholding of material responsive to the Request Part I, including the redacted portions 748 partially released pages and the remainder of Roy Cohn's file. *See id.*; 5 U.S.C. § 552(a)(4)(B).  The FBI does not dispute that the Request reasonably describes the sought records.  *See* Ex. B.  Rather, the FBI simply administratively closed the Request Part I without citing any applicable exemptions to withhold material, *see* 5 U.S.C. § 552(b), or demonstrating compliance with FOIA's foreseeable harm provision, *see id.* § 552(a)(8).  The FBI's single sentence regarding its closure does not provide any support for its assertion that these records "do not qualify for reprocessing." Ex. B.  Nor, to be clear, is there any basis in FOIA for refusing to comply with the Request Part I.  The FBI is required to search for, review, and produce all responsive records and portions thereof that are not specifically exempt under FOIA.  *See generally* 5 U.S.C. § 552.

### III.   Conclusion

Mr. Bird respectfully requests that the Request Part I be remanded with instructions to search for and promptly release all non-exempt records or portions thereof.

If you have any questions regarding this appeal, please feel free to contact Adam Marshall.

Sincerely,

Adam A. Marshall
Senior Staff Attorney
amarshall@rcfp.org
(202) 795-9308

Shawn Musgrave
Legal Fellow
Reporters Committee for Freedom of the Press

# EXHIBIT A

Federal Bureau of Investigation
Record/Information Dissemination Section (RIDS)
170 Marcel Drive
Winchester, VA 22602 –4843
fax: 540-868-4391

November 8, 2022

VIA FAX

Dear FBI:

**Re-: Freedom of Information Act/Privacy Act Request**

This letter constitutes a request under the federal Freedom of Information Act U.S. C. § 552 (FOIA) and is submitted on behalf of Kai Bird to the Federal Bureau Investigation (FBI). Kai Bird is a journalist and historian conducting research for a forthcoming book on Roy Marcus Cohn for Scribner's publishing company.

**I. Background** (from Wikipedia)

**Roy Marcus Cohn:** (FRCP 5.2 , 1927 – August 2, 1986) was an American lawyer and prosecutor who came to prominence for his role as Senator Joseph McCarthy's chief counsel during the Army–McCarthy hearings in 1954, when he assisted McCarthy's investigations of suspected communists.

Cohn was an investigator in the 1951 prosecution of Julius and Ethel Rosenberg. That trial brought the 24-year-old Cohn to the attention of Federal Bureau of Investigation (FBI) director J. Edgar Hoover. With support from Hoover and Cardinal Spellman, Hearst columnist George Sokolsky convinced Joseph McCarthy to hire Cohn as his chief counsel, choosing him over Robert F. Kennedy. Cohn assisted McCarthy's work for the Senate Permanent Subcommittee on Investigations, becoming known for his aggressive questioning of suspected Communists.

After resigning his position as chief counsel with McCarthy in late 1954, Cohn had a 30-year career as an attorney in New York City. His clients included Donald Trump; New York Yankees baseball club owner George Steinbrenner; Aristotle Onassis; Mafia figures Tony Salerno, Carmine Galante, John Gotti and Mario Gigante; Studio 54 owners Steve Rubell and Ian Schrager; the Roman Catholic Archdiocese of New York; Texas financier and philanthropist Shearn Moody, Jr.; and business owner Richard Dupont.

In the late 1970s and during the 1980s, he became a prominent political fixer in New York City. He also represented and mentored the real estate developer and later U.S. President Donald Trump during his early business career.

Cohn was born in The Bronx in New York City and educated at Columbia University.

In 1986, he was disbarred by the Appellate Division of the New York State Supreme Court for unethical conduct. He died five weeks later from AIDS-related complications, having vehemently denied that he was suffering from HIV.

## II. Requested Records

In 2019, the FBI unsealed 748 heavily redacted pages that are part of what is believed to be a 4,000 page file on Roy Cohn.

I am requesting that the FBI: (i) review the 748 redacted pages that were released in 2019 and provide a less redacted or, preferably, an unredacted copy and (ii) release the remaining pages of the file on Roy Cohn.

More specifically, pursuant to the FOIA, I, Kai Bird request access to and copies of the following records:

1. All records mentioning or referring to Roy Cohn or Roy M. Cohn or Roy Marcus Cohn (heretofore referred to as Roy Cohn).
2. All records, including email correspondence, telexes, faxes, text messages, and other electronic messages, that include the term Roy Cohn and any of the following keywords (case insensitive):

Subpoena
The mob
Fugazi, Salerno, Galanti, Gotti
Robert Morgenthau
U.S. District Attorney NY 1952
United Dye and Chemical Company
1954 U.S. Army Investigation
Senator Joseph McCarthy
Bribery File
Administrative Inquiry file
Homosexuality
Cardinal Spellman
Henry Hill
Gays, Communists and Drugs
Gore Vidal
Witness Statements
James W. Pieper
J. Edgar Hoover
U.S. Department of Justice
Donald Trump
Albert Cohn (father)
Owen Lattimore
Irving Saypol
Abraham Feller
Allen Dershowtiz
Roger Stone
Sy Newhouse
Walter Winchell
David Schine

Note that all of these individuals are long deceased—with the exception of Donald Trump. Allen Dershowtiz and Roger Stone. To be clear, I am not requesting the files of each of these named individuals. I am offering up these names as key words that may help to retrieve files related to Roy Cohn.

3. All communications including correspondence, memorandum, telexes, faxes, text messages and electronic messages that refer to Roy Cohn.

4. All records mentioning, referring to, or constituting the memorandum send from the United States Attorney's office for the Southern District of New York seeking approval for questioning, arresting, or charging Roy Cohn.

In addition, I would request that the FBI's New York field office be searched in responding to this request as well as all other locations likely to contain responsive records.

Please note that written correspondence as referred to in this request includes the entire email, telex or fax chain in which the FBI is sender or recipient including a "cc" or "bcc" of one or more items in the chain. This request also includes any attachments. This request also includes official communications sent or received using any non-governmental email account or other electronic messaging account.

### III. Fees and Fee Categorization

I have been a working journalist for over 40 years; I serve on the Editorial Board of the Nation magazine in New York City; and I am the Executive Director of the Leon Levy Center for Biography at the Graduate Center of the City University of New York. Finally, I am under contract with Scribner's, a division of Simon & Schuster, to write a biography of Roy Cohn.

As a representative of the news media, I would only be required to pay for the direct cost of duplication after the first hundred pages. This information is being sought for analysis and free dissemination to the general public through multiple avenues including a book, social media accounts and magazine articles. The average citizen and the reading public have a long-standing interest in the historical figure of Roy Cohn. One biography has already been published about Roy Cohn. *Citizen Cohn: The Life and Times of Roy Cohn* was published in 1988 by the *Washington Post* reporter, Nicholas von Hoffman. Numerous magazine articles have also been published about Cohn over the last four decades. Roy Cohn is obviously of public interest.

### IV. Conclusion

If this request is denied in whole or part, please justify all such denials by reference to specific exemptions and explain why the FBI "reasonably foresees that disclosure would harm an interest" protected by that exemption or why

"disclosure is prohibited by law." 5U.S.C. § 552 (A) (8). Please also ensure that all segregable portions of otherwise exempt material are released.

If you have any questions regarding this request, please feel free to contact me at 202-386-2447. Thank you in advance for your assistance.

Sincerely,

Kai Bird

Kai Bird
Executive Director & Distinguished Lecturer
Leon Levy Center for Biography
CUNY Graduate Center, Room 6200.01
365 Fifth Ave
New York NY 10016

www.KaiBird.com

# EXHIBIT B



U.S. Department of Justice

Federal Bureau of Investigation

Washington, D.C. 20535

November 22, 2022

MR. KAI BIRD
1503
6799 COLLINS AVENUE
MIAMI BEACH, FL 33141

FOIPA Request No.: 1572933-000
Subject: COHN, ROY MARCUS
(748 Previously Released Pages)

Dear Mr. Bird:

This is in response to your request for the re-processing of records under the Freedom of Information/Privacy Acts (FOIPA).

It was determined that the records you requested do not qualify for reprocessing.

Please refer to the enclosed FBI FOIPA Addendum for additional standard responses applicable to your request. "Part 1" of the Addendum includes standard responses that apply to all requests. "Part 2" includes additional standard responses that apply to all requests for records about yourself or any third party individuals. "Part 3" includes general information about FBI records that you may find useful. Also enclosed is our Explanation of Exemptions.

For questions regarding our determinations, visit the www.fbi.gov/foia website under "Contact Us." The FOIPA Request number listed above has been assigned to your request. Please use this number in all correspondence concerning your request.

If you are not satisfied with the Federal Bureau of Investigation's determination in response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 441 G Street, NW, 6th Floor, Washington, D.C. 20530, or you may submit an appeal through OIP's FOIA STAR portal by creating an account following the instructions on OIP's website: https://www.justice.gov/oip/submit-and-track-request-or-appeal. Your appeal must be postmarked or electronically transmitted within ninety (90) days of the date of my response to your request. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal." Please cite the FOIPA Request Number assigned to your request so it may be easily identified.

You may seek dispute resolution services by emailing the FBI's FOIA Public Liaison at foipaquestions@fbi.gov. The subject heading should clearly state "Dispute Resolution Services." Please also cite the FOIPA Request Number assigned to your request so it may be easily identified. You may also contact the Office of Government Information Services (OGIS). The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

Sincerely,

Michael G. Seidel
Section Chief
Record/Information
    Dissemination Section
Information Management Division

Enclosures